# IN THE COURT OF APPEALS OF IOWA

No. 18-1086
Filed September 23, 2020

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**CASSANDRA DORAN,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Clinton County, Patrick McElyea (plea) and Henry W. Latham II (sentencing), Judges.

　　Cassandra Doran appeals her convictions and sentence following guilty pleas to willful injury causing serious injury with a dangerous weapon and three counts of second-degree criminal mischief. **CONVICTIONS AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.**

　　Jack E. Dusthimer, Davenport, for appellant.

　　Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

　　Considered by Bower, C.J., and May and Ahlers, JJ.

**BOWER, Chief Judge.**

In her April 23, 2018 plea colloquy, Cassandra Doran admitted that on February 10, 2017, she used a paving brick to smash a bank window, ran outside and broke a Jeep Cherokee's windshield and dented its hood, then entered the Gazebo antique store and grabbed a pickaxe, and used the pickaxe to break several thousand dollars of merchandise. Doran also admitted she knowingly assaulted the shop owner with the pickaxe, causing serious injuries with the specific intent to do so. Doran further admitted the pickaxe was a dangerous weapon.

Doran appeals her convictions for willful injury causing serious injury with a dangerous weapon in violation of Iowa Code sections 708.4(1) and 902.7 (2017) and three counts of second-degree criminal mischief in violation of Iowa Code sections 716.1, 716.4(1), and 716.4(2). She challenges the order for restitution and attacks her plea via an ineffective-assistance-of-counsel claim.

The district court ordered restitution without first conducting the applicable reasonable-ability-to-pay analysis.[1] Therefore, we vacate the restitution portion of

---

[1] *See State v. Albright*, 925 N.W.2d 144, 159–60 (Iowa 2019) (clarifying certain items of restitution are subject to a reasonable-ability-to-pay determination and that a plan of restitution is not complete until the sentencing court issues the final restitution order, which must take into account the offender's reasonable ability to pay those items of restitution); *see also State v. Moore*, 936 N.W.2d 436, 439 (Iowa 2019) (letting stand on further review this court's ruling vacating the restitution order and remanding the case for a determination of the defendant's reasonable ability to pay after receipt of a final restitution plan). We note the district court issued the sentencing order prior to *Albright* and did not have the benefit of the case and its progeny. *See generally State v. Gross*, 935 N.W.2d 695, 702 (Iowa 2019) (noting the court had applied the clarification in a number of cases where the sentencing order predated *Albright*).

the defendant's sentence and remand for resentencing consistent with the analysis set out in *Albright*, 925 N.W.2d at 161–62.[2]

As for the challenge to her guilty pleas, Doran acknowledges that based on the record made at the time of her plea, the court appropriately found her guilty pleas were voluntarily entered. She asserts, however, that counsel was ineffective in allowing her to plead guilty based on her history of mental illness. We will not do so on direct appeal. Doran's ineffective-assistance claim is more appropriately addressed in a possible postconviction proceeding "where an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims." *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002).

**CONVICTIONS AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.**

---

[2] Iowa Code chapter 910 was recently amended to presume a defendant has the ability to pay and shifts the burden to the defendant to request an ability-to-pay determination. *See* 2020 Iowa Acts ch. 1074, § 72 (to be codified at § 910.2A (2021)) (enacting portions of Senate File 457 and providing "[a]n offender is presumed to have the reasonable ability to make restitution payments for the full amount of category "B" restitution"). However, our supreme court issued an order clarifying the recent amendments apply to defendants sentenced on or after June 25, 2020. *See* Iowa Supreme Ct. Supervisory Order, *In the matter of Interim Procedures Governing Ability to Pay Determinations and Conversion of Restitution Orders* ¶(C) (July 7, 2020) ("A defendant sentenced on or after June 25, 2020, shall be subject to the requirements of S.F. 457.").